**DAVIDOFF HUTCHER & CITRON LLP**
605 Third Avenue
New York, NY 10158
David H. Wander, Esq (dhw@dhclegal.com)
Alexander R. Tiktin, Esq. (art@dhclegal.com)
212.557.7200 (tel)
212.286.1884 (fax)

*Attorneys for Defendant Mark Grether*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GETTY IMAGES (US), INC., | Case No. 19-cv-09804 |
| Plaintiff, | |
| - against – | **ANSWER** |
| ANDREW BRONSTEIN, and MARK GRETHER, | |
| Defendant. | |

Defendant Mark Grether ('Defendant"), by his attorneys, submits the following answer to Plaintiff's complaint ("Complaint"):

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1".

2.      Defendant admits the allegations contained in the first sentence of paragraph "2". The allegations contained in the second sentence of paragraph "2" set forth a legal conclusion that does not require a response.

3.      The allegations contained in the first sentence of paragraph "3" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph '3".

676805

4.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph "4". The allegations contained the second sentence of paragraph "4" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied.

5.    Defendant denies the allegations contained in paragraph "5".

6.    Defendant admits the allegations contained in paragraph "6".

7.    Defendant admits the allegations contained in paragraph "7".

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8", except admits that Plaintiff is the subtenant under that certain Sublease Agreement dated May 18, 2018 between Sizmek and Getty.

9.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of paragraph "9", except admits the allegations in the 2nd sentence of paragraph.

10.    Defendant denies the first sentence of paragraph "10" except admits that he is a natural person but denies being a citizen and resident of New York. Defendant admits the allegations in the second sentence. The allegations in the third sentence of paragraph "10" set forth a legal conclusion that does not require a response.

11.    Defendant admits the allegations contained in paragraph "11".

12.    Defendant admits the allegations contained in the first sentence of paragraph "12". Regarding the allegations in the second sentence of paragraph "12" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and refer the Court to the document referred to therein for its content and meaning

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph "13". Regarding the allegations

676805v.1

in the second sentence of paragraph "13" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and refer the Court to the document referred to therein for its content and meaning.

14.     The allegations contained in the first and second sentences of paragraph "14" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied. As to the third sentence of paragraph "14," Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations.

15.     Defendant admits the allegations contained in paragraph "15".

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16".

17.     Regarding the allegations in the second sentence of paragraph "17" of the Complaint, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations and refer the Court to the document referred to therein for its content and meaning.

18.     Defendant admits the allegations contained in paragraph "18".

19.     Defendant denies the allegations contained in paragraph "19".

20.     Defendant admits the allegations contained in paragraph "20".

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph "21", but admits the allegations contained in the first sentence of paragraph "21".

22.     Defendant deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22".

23.     Defendant denies the allegations contained in paragraph "23".

676805v.1

24.     Regarding paragraph "24" of the Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "1" through "23" of this Answer as though more fully set forth herein at length.

25.     The allegations contained in paragraph "25" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied.

26.     The allegations contained in paragraph "26" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied.

27.     Defendant denies the allegations contained in paragraph "27".

28.     Regarding the allegations in the first sentence of paragraph "28" of the Complaint, Defendant deny knowledge or information sufficient to form a belief as to the truth of the allegations and refer the Court to the document referred to therein for its content and meaning and the allegations contained in the second sentence of paragraph "28" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied.

29.     Defendant denies the allegations contained in paragraph "29".

30.     Regarding paragraph "30" of the Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "1" through "29" of this Answer as though more fully set forth herein at length.

31.      Defendant denies the allegations contained in paragraph "31".

32.     The allegations contained in paragraph "32" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied.

676805v.1

33.     Defendant denies the allegations contained in paragraph "33".

34.     Defendant denies the allegations contained in the first sentence of paragraph "34" and the allegations contained in the second sentence of paragraph "34" set forth a legal conclusion that does not require a response. To the extent that a response to those allegations is necessary, they are denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

35.     The complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

36.     Defendant's alleged negligence was not a proximate cause of the damages that Plaintiff alleges to have suffered.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

37.     Defendant did not engage in any misconduct constituting the breach of any alleged fiduciary duties owed to Plaintiff.

### AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE

38.     Plaintiff's claims are barred in whole or in part by its own acts, omissions, and conduct.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

39.      Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

40.     Plaintiff's claims are barred in whole or in part by the doctrines of judicial, equitable, and/or collateral estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

41.      Plaintiff's claims are barred in whole or in part by the doctrine of laches.

676805v.1

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

42.     Plaintiff's claims are barred in whole or in part due to their failure to mitigate their

alleged damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

43.     Plaintiff failed to join indispensable parties.

## RESERVATION OF RIGHTS

44.     Defendant reserves his rights to amend this answer, including without limitation

asserting claims.


**WHEREFORE**, Defendant demands judgment against Plaintiff:

A.      Dismissing the Complaint and granting Defendant costs, expenses and attorney's fees; and

B.      Granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       January 21, 2019


                                        DAVIDOFF HUTCHER & CITRON LLP


                                        By: /s/ David H. Wander
                                             David H. Wander, Esq.
                                        Alexander R. Tiktin, Esq.
                                        605 Third Avenue
                                        New York, NY 10158
                                        Tel. (212) 557.7200
                                        dhw@dhclegal.com
                                        art@dhclegal.com

                                        *Attorneys for Defendant Mark Grether*


6