UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | | |
|---|---|---|
| GETTY IMAGES (US), INC., | : | 19-cv-9804 (GBD) |
| Plaintiff, | : | |
| -against- | : | ANSWER |
| ANDREW BRONSTEIN and MARK GRETHER, | : | |
| | | JURY TRIAL DEMANDED |
| Defendants. | : | |

-----------------------------------------------------------------x

Defendant Andrew Bronstein ("Bronstein"), through his counsel, Sher Tremonte LLP, hereby answers the Complaint filed by plaintiff Getty Images (US), Inc. ("Getty") as follows:

GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b), except as specifically identified below, Bronstein generally denies each and every allegation in the Complaint, including any and all allegations that he has engaged in any wrongful conduct, and he denies that he has any liability in this matter. At all times during his association with Sizmek Inc. ("Sizmek"), Bronstein acted with honesty, integrity and in good faith, and he specifically denies any allegation to the contrary. Bronstein had no knowledge of and did not knowingly participate in any misappropriation or conversion of any funds belonging to Getty.

Where the allegations in the Complaint are not directed at Bronstein, no response is required and no response has been provided below. Any lack of response should not be construed as an admission by Bronstein that the facts alleged or the characterizations asserted in those paragraphs are accurate.

## SPECIFIC RESPONSES TO INDIVIDUAL ALLEGATIONS

1. Denies the allegations contained in paragraph 1.

2. In response to paragraph 2, admits that Sizmek entered into a sublease concerning certain real property with Getty, refers to that document for its express terms and denies that any response is required to the legal argument concerning New York General Obligations Law.

3. Denies the allegations contained in paragraph 3 except admits that it is Bronstein's understanding that Sizmek exercised certain rights under the U.S. Bankruptcy Code to reject the sublease that had been entered into between Sizmek and Getty.

4. Denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5 except admits that Getty seeks relief in this action concerning certain funds that Getty transferred to Sizmek as a security deposit under the express terms of the sublease.

6. The allegations in Paragraph 6 are legal assertions as to which no response is required.

7. The allegations in the first sentence of paragraph 7 are legal assertions as to which no response is required. With respect to the remaining allegations in paragraph 7, Bronstein admits that certain negotiations concerning the sublease occurred in New York, New York, the subleased real property is located in New York, New York, and he executed the sublease on behalf of Sizmek while working at a Sizmek office located in New York, New York.

8. Denies knowledge or information sufficient to for a belief concerning the allegations contain in paragraph 8 except admits that Sizmek and Getty entered into a sublease dated May 18, 2018.

9. Denies the allegations contained in paragraph 9 except admits that for a certain period of time during 2018, Bronstein served as the Chief Financial Officer of Sizmek.

10. Denies knowledge or information sufficient to form a belief concerning the allegations in paragraph 10.

11. Denies the allegations contained in paragraph 11 except admits that the sublease is attached as Exhibit A to the complaint and refers to that document for its express terms.

12. Denies the allegations contained in paragraph 12 except admits that a prime lease existed for the same real property that was the subject of the sublease and refers to the prime lease for its express terms.

13. Denies the allegations contained in paragraph 13 except admits that the sublease included provisions concerning a security deposit received by Sizmek from Getty and refers to the sublease for all terms concerning that security deposit.

14. The allegations in Paragraph 14 are legal assertions as to which no response is required.

15. Denies the allegations contained in paragraph 15 except admits that in September 2017, a First Lien Financing Agreement was entered into among various parties, including Sizmek Technologies, Inc., a Sizmek subsidiary, and refers to that document for the express terms of that agreement, including the amount of financing described in the agreement.

16. Denies the allegations contained in paragraph 16 except to the extent those allegations fully and accurately describe the terms of the First Lien Financing Agreement and related documents.

17. Denies the allegations contained in paragraph 17 except to the extent those allegations fully and accurately describe the terms of the First Lien Financing Agreement and related documents.

18. Denies knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19 except admits that Bronstein was aware of the existence of the First Lien Financing Agreement at the time Sizmek and Getty entered into the sublease.

20. Admits the allegations contained in paragraph 20.

21. Denies knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 21 except admits that the public docket in the Sizmek bankruptcy proceeding includes the document identified in paragraph 21 as Docket No. 275.

22. Denies knowledge or information sufficient to form a belief concerning the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. In response to paragraph 24, the responses to paragraphs 1 through 23 are restated and realleged.

25. The allegations in Paragraph 25 are legal assertions as to which no response is required.

26. The allegations in Paragraph 26 are legal assertions as to which no response is required.

27. Denies the allegations contained in paragraph 27.

28. The allegations in Paragraph 28 are legal assertions as to which no response is required.

29. Denies the allegations contained in paragraph 29.

30. In response to paragraph 24, the responses to paragraphs 1 through 29 are restated and realleged.

31. Denies the allegations contained in paragraph 31.

32. The allegations in Paragraph 32 are legal assertions as to which no response is required.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

## RELIEF SOUGHT

Getty's Prayer For Relief does not contain allegations that require a response. Bronstein nevertheless denies that the relief sought by Getty is appropriate or available.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The complaint should be dismissed for failure to include required parties, pursuant to Rule 19 of the Federal Rules of Civil Procedure, including Sizmek and the First Lien Lenders.

## THIRD AFFIRMATIVE DEFENSE

The complaint is barred by the doctrines of waiver, ratification and estoppel. In substance, Getty consented to actions taken by the First Lien Lenders that caused Sizmek to be unable to return the security deposit.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Andrew Bronstein respectfully requests that the Court:

1. Enter judgment in his favor;

2. Award him attorneys' fees and other costs; and

3. Award him such other relief as this Court may deem just and proper.

Dated: New York, New York
January 21, 2020

SHER TREMONTE LLP

By: _____
Robert Knuts

90 Broad Street
New York, NY 10004
(212) 202-2638
rknuts@shertremonte.com

*Attorneys for Defendant Andrew Bronstein*