UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GETTY IMAGES (US), INC.,

Plaintiff,

v.

ANDREW BRONSTEIN, and MARK GRETHER,

Defendants.

---

Case No. 1:19-cv-09804-GBD

~~PROPOSED~~
**CONFIDENTIALITY
STIPULATION AND ORDER**

Getty Images (US), Inc., Andrew Bronstein, and Mark Grether (collectively, the "Parties") hereby petition the Court to enter the following Proposed Confidentiality Stipulation and Order (the "Stipulation") in the above-styled case (the "Case").

**1.    GENERAL**

1.1.    <u>Purposes and Limitations</u>. Discovery in this Case is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the Stipulation. The parties acknowledge that this Stipulation does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulation does not entitle them to file confidential information under seal; Rule II.C and III.G of Judge Lehrburger's Individual Rules of Practice in Civil Cases sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file redacted material or to file material under seal.

1.2.     Good Cause Statement. This Case may involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 2.     DEFINITIONS

2.1.     Challenging Party. Challenging Party shall mean a Party or Non-Party that challenges the designation of information or items under this Stipulation.

2.2.    Confidential Information. Confidential Information means information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and as specified above in the Good Cause Statement.

2.3.    Counsel. Counsel means any Outside Counsel of Record and/or House Counsel (as well as their support staff).

2.4.    Designating Party. Designating Party means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.5.    Disclosure or Discovery Material. Disclosure or Discovery Material means all items or information (regardless of how it is generated, stored, or maintained), including among other things testimony, transcripts, and tangible things, that are produced or generated in disclosures or responses to discovery in this matter.

2.6.    Expert. Expert means a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Case.

2.7.    House Counsel. Housel Counsel means attorneys who are employees of a Party to this Case (as well as their support staff). House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.    Non-Party. Non-Party means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Case.

2.9.    Outside Counsel of Record. Outside Counsel of Record means attorneys who are not employees of a Party to this Case but who are retained to represent or advise a Party to this

- 3 -

Case and who have appeared in this Case on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party (as well as their support staff).

2.10.   Party. Party means any party to this Case, including all of its officers, directors, employees, consultants, retained experts, and Counsel.

2.11.   Producing Party. Producing Party means a Party or Non-Party that produces Disclosure or Discovery Material in this Case.

2.12.   Professional Vendors. Professional Vendors means any persons or entities that provide litigation support services, including photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and their employees and subcontractors.

2.13.   Protected Material. Protected Material means any Disclosure or Discovery Material that is designated as "Confidential" and/or any Confidential Information.

2.14.   Receiving Party. Receiving Party means a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

- 4 -

## 4. DURATION

Once a case proceeds to trial, all of the court-filed information to be introduced that was previously designated as "Confidential" or maintained pursuant to this Stipulation becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. Accordingly, the terms of this Stipulation do not extend beyond the commencement of the trial

## 5. DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Stipulation must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, item, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

- 5 -

147044638.2

5.2.   Manner and Timing of Designations. Except as otherwise provided in this Stipulation or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Stipulation must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation requires:

(a) for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix, at a minimum, the legend "Confidential" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protected portion(s) by making appropriate markings in the margins.

(b) a Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspection Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulation. Then, before producing the specified documents, the Producing Party must affix the legend "Confidential" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party must also clearly identify the protection portion(s) by making appropriate markings in the margins.

(c) for testimony given in depositions, the Designating Party must identify the Disclosure or Discovery Material on the record before the close of the deposition.

- 6 -

147044638.2

(d) for information produced in some form other than documentary and for any other tangible items, the Producing Party must affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "Confidential." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate confidential information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulation for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulation.

## 6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution set forth in Section II.D of Judge Lehrburger's Individual Rules of Practice in Civil Cases and Rule 37.2 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Any discovery motion must strictly comply with the procedures set forth in these rules.

6.3.    Burden. The burden of persuasion in any such challenge proceedings shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level

- 7 -

of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1. Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Case only for prosecuting, defending, or attempting to settle this Case. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulation. When the Case has been terminated, a Receiving Party must comply with the provisions of Section 13 below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulation.

7.2. Disclosure of Protected Material. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated as "Confidential" only to:

(a) the Receiving Party's Outside Counsel of Record in this Case, as well as the employees of said Outside Counsel of Record to whom disclosure is reasonably necessary for this Case;

(b) the Receiving Party's officers, directors, and employees (including House Counsel) to whom disclosure is reasonably necessary for this Case;

(c) the Receiving Party's Experts to whom disclosure is reasonably necessary for this Case; *provided* such Experts have signed the "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit 1;

(d) the Court and its personnel;

- 8 -

147044638.2

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Case; *provided* such parties have signed the form attached hereto as Exhibit 1;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses to whom disclosure is reasonably necessary for this Case; *provided* (1) the deposing party requests that the witness sign the form attached hereto as Exhibit 1 (although such signature is not necessary in order for the deposition to proceed); and (2) the witness and the witness's attorney is not permitted to keep the Protected Material, unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulation; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

8.1.   Required Action. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

- 9 -

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulation. Such notification shall include a copy of this Stipulation; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

8.2.    Protective Order. If the Designating Party seeks a protective order, the Party served with the subpoena or order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued is made, unless permission to disclose is otherwise granted by the Designating Party. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions shall be construed as authorizing or encouraging a Receiving Party in this Case to disobey a lawful directive from another court.

## 9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS CASE

9.1.    Applicability of this Stipulation. The terms of this Stipulation are applicable to information produced by a Non-Party in this Case and designated as "Confidential." Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    Notification to Non-Party. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

- 10 -

(a) promptly notify the Requesting Party and the Non-Party in writing that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Stipulation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party, if requested.

9.3. Production of Non-Party Protected Material. If the Non-Party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. In the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by this Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulation, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

- 11 -

147044638.2

this Stipulation; and (d) request such person or persons to execute the form attached hereto as Exhibit 1.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.

## 12.    MISCELLANEOUS

12.1.    Right to Further Relief. Nothing in this Stipulation abridges the right of any Party to seek its modification by the Court in the future.

12.2.    Right to Assert Other Objections. By entering into this Stipulation, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulation. Similarly, no Party waives any right to object on any evidentiary ground any of the material covered by this Stipulation.

12.3.    Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Rule II.C and III.G of Judge Lehrburger's Individual Rules of Practice in Civil Cases. If a Party's request to file under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the Court.

## 13.    FINAL DISPOSITION

Within sixty (60) days of the final disposition of this Case, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this

147044638.2

subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that certifies all such material was either returned or destroyed, along with any and all copies, abstracts, compilations, or summaries of the same. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulation as set forth in Section 4.

**14. VIOLATION OF STIPULATION**

Any violation of this Stipulation may be punished by any and all appropriate measures, including contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.**

Dated: February 14, 2020

/s/ Gary F. Eisenberg
Gary F. Eisenberg, Esq.
GEisenberg@perkinscoie.com
Jeri Leigh Miller, Esq. admitted *pro hac vice*
JeriMiller@perkinscoie.com
**PERKINS COIE LLP**
1155 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: 212.262.6902
Facsimile: 212.977.1632

*Attorneys for Plaintiff*

- 13 -

147044638.2

Dated: February 14, 2020

/s/ Robert Knuts_____
Robert Knuts, Esq.
rknuts@shertremonte.com
**SHER TREMONTE LLP**
90 Broad Street
New York, New York 10004
Telephone: 212.202.2638
Facsimile: 212.202.4156

*Attorney for Defendant Andrew Bronstein*

Dated: February 14, 2020

/s/ David Henry Wander_____
David Henry Wander, Esq.
dhw@dhclegal.com
Alexander Tiktin, Esq.
art@dhclegal.com
**DAVIDOFF HUTCHER & CITRON**
605 Third Avenue, 34th Floor
New York, New York 10158
Telephone: 646.428.3212

*Attorneys for Defendant Mark Grether*

**IT IS SO ORDERED.**

'FEB 1 8 2020

Dated:  February ____, 2020
        White Plains, NY

_____
Judge George B. Daniels
United States District Judge

- 14 -

147044638.2