Jonathan D. Lupkin (JL-0792)
LUPKIN PLLC
80 Broad Street, Suite 1301
New York, New York  10004
Tel: (646) 367-2771
Fax: (646) 219-4870
Email: jlupkin@lupkinpllc.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GETTY IMAGES (US), INC. *Plaintiff,* v. ANDREW BRONSTEIN and MARK GRETHER, *Defendants* ANDREW BRONSTEIN, *Third-Party Plaintiff,* v. CERBERUS BUSINESS FINANCE, LLC, CULHANE MEADOWS HAUGHLAN & WALSH, PLLC, ANDREW M. HEPBURN, JR. and TIM QUILLIN, *Third-Party Defendants*. | Civil Action No. 19-cv-9804 (GBD) |

**THIRD-PARTY DEFENDANT ANDREW M. HEPBURN, JR.'S ANSWER TO THIRD-PARTY COMPLAINT BY DEFENDANT/THIRD-PARTY PLAINITFF ANDREW BRONSTEIN**

Third-Party Defendant Andrew M. Hepburn, Jr. ("Hepburn") by and through his attorneys, Lupkin PLLC, hereby answers the Third-Party Complaint interposed by Defendant/Third-Party Plaintiff Andrew Bronstein ("Bronstein") as follows:

1.  Insofar as the complaint filed by Getty Images (US), Inc. ("Getty") asserts no claims against Hepburn, and Bronstein's responses to the allegations contained in Getty's

1

complaint are personal to Bronstein, Hepburn has no obligation to respond to paragraph 1 of the Third-Party Complaint, but to the extent that a response is required, denies.

## THE PARTIES

2. Admits.

3. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3, except admits that Cerberus provided financing to Sizmek.

4. Admits.

5. Admits, and further avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

6. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6, except admits that during Quillin had, at one point, been employed by Sizmek as AVP, Corporate Real Estate & Facilities.

## FACTS

7. Denies the allegations contained in paragraph 7, except admits that Sizmek negotiated a sub-lease of office space located at 195 Broadway, New York, New York with Getty, that Hepburn retained Culhane to serve as outside legal counsel to Sizmek in connection with various Sizmek real estate matters, which included the negotiation and execution of the sub-lease with Getty, and that Qullin was authorized to (and in fact did work directly) with Culhane on these matters, including the negotiation and execution of the sub-lease with Getty.

8. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8, except admits that A&M was retained to provide Cerberus with certain professional services regarding Sizmek's business activities and financial condition and respectfully refers the Court to the referenced reports for their true and complete terms.

9. Lacks knowledge or information sufficient to form a belief as to the allegations

contained in paragraph 9, except admits that Cerberus provided financing to Sizmek, respectfully refers the Court to the First Lien Agreement for its true and complete terms and avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

10. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10, except admits that at some point, Sizmek filed a voluntary Chapter 11 bankruptcy petition, respectfully refers the Court to the documents on the Sizmek bankruptcy court docket for their true and complete terms and avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

11. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

12. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12, except respectfully refers the Court to the documents on the Sizmek bankruptcy court docket for their true and complete terms and avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

13. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except respectfully refers the Court to the documents on the Sizmek bankruptcy court docket for their true and complete terms and avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

**COUNT I – COMMON LAW INDEMNITY**

14. Hepburn incorporates and restates paragraphs 1 through 13 of the above answers as if fully set forth herein.

15. Neither admits nor denies the allegations contained in paragraph 15 to the extent that they contain or are premised upon legal conclusions for which no response is required. To the

extent that a response is required, lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 and respectfully refers the Court Getty's complaint herein for its true and complete terms.

16. Denies the allegations contained in the first sentence of paragraph 16 and lacks knowledge or information sufficient to form a belief as to the balance of paragraph 16.

17. Denies the allegations contained in paragraph 17, except admits that Culhane provided legal advice to Sizmek concerning the sub-lease and that Culhane never advised Hepburn that Sizmek was required to segregate the security deposit after those funds were received from Getty and lacks knowledge or information as to whether Culhane advised Bronstein or Quillan on the security deposit issue. Hepburn further avers that that as outside counsel, Culhane interacted directly with Bronstein and Quillan regarding the Getty sub-lease.

18. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and avers that Hepburn left the employ of Sizmek on or about January 18, 2019.

19. Denies the allegations contained in paragraph 19.

## COUNT II – COMMON LAW CONTRIBUTION

20. Hepburn incorporates and restates paragraphs 1 through 19 of the above answers as if fully set forth herein.

21. Lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21, except respectfully refers the Court to Bronstein's October 10, 2019 Amended Answer and Third-Party Complaint for its true and complete terms.

22. Denies the allegations contained in paragraph 22.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

23.     Bronstein's Third-Party Complaint fails to state a claim against Hepburn upon which relief can be granted.

### Second Affirmative Defense

24.     Bronstein is not entitled to common law indemnity from Hepburn because Bronstein has not (and cannot) allege that Hepburn is primarily or solely liable for any judgment that might be entered against Bronstein by Getty.  Furthermore, Bronstein's claim for common law indemnity as against Hepburn is also defective because Hepburn owed no duty either to Bronstein, individually, or to Getty.

### Third Affirmative Defense

25.     Bronstein is not entitled to contribution from Hepburn in connection with any judgment entered against him by Getty.  First, Getty's complaint alleges that Bronstein committed an intentional tort with respect to Getty's security deposit, and contribution is not available to an intentional tortfeasor.  Second, contribution is unavailable because Hepburn owed no duty either to Bronstein, individually, or to Getty.

### Fourth Affirmative Defense

26.     As set forth above, Bronstein is not entitled to either common law contribution or indemnity as a matter of law.  However, if the Court disagrees with these legal conclusions, then any liability Hepburn may have for a judgment entered by Getty against Bronstein must be reduced partially or in its entirety in proportion to a determination of relative fault by the finder of fact between and among the parties to this litigation.

## JURY DEMAND

Hepburn hereby requests a trial by jury on all issues so triable.

**WHEREFORE,** Third-Party Defendant Andrew M. Hepburn, Jr. respectfully requests that this Court enter judgment, for Hepburn and against Defendant/Third-Party Plaintiff Bronstein:

a) dismissing the Third-Party Complaint against Hepburn with prejudice;

b) awarding Hepburn his costs and disbursements; and

c) granting Hepburn such other and further relief as the Court deems just and proper.

DATED: December 07, 2020
New York, New York

**LUPKIN PLLC**

By: /s/ *Jonathan D. Lupkin*

Jonathan D. Lupkin (JL-0792)
80 Broad Street, Suite 1301
New York, New York 10004
Tel: (646) 367-2771
Fax: (646) 219-4870
Email: jlupkin@lupkinpllc.com

*Attorneys for Third-Party Defendant
Andrew M. Hepburn, Jr.*

4837-3166-9971, v. 4